# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, CENTER FOR FOOD SAFETY, SHY 38, INC. and HOPE SANCTUARY, | ) ) ) ) |
| Plaintiffs, | ) CIVIL ACTION ) |
| v. | ) No. 18-2657-KHV ) |
| LAURA KELLY, in her official capacity as Governor of Kansas, and DEREK SCHMIDT, in his official capacity as Attorney General of Kansas, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

On December 4, 2018, Animal Legal Defense Fund ("ALDF"), Center for Food Safety ("CFS"), Shy 38, Inc. and Hope Sanctuary filed suit under 42 U.S.C. § 1983 against the Governor and Attorney General of Kansas in their official capacities, seeking a declaratory judgment that the Kansas Farm Animal and Field Crop and Research Facilities Protection Act, K.S.A. §§ 47-1825 et seq., is unconstitutional, and a permanent injunction barring defendants from enforcing it. Pretrial Order (Doc. #49) filed July 31, 2019 at 17. On cross-motions for summary judgment, the Court determined that defendants were entitled to summary judgment on their argument that plaintiffs did not have standing to challenge K.S.A. § 47-1827(a) and K.S.A. § 47-1828, and that plaintiffs were entitled to summary judgment on the issue of standing as to K.S.A. § 47-1827(b), (c) and (d), and on their claim that those provisions violate the First Amendment. Memorandum And Order (Doc. #63) filed January 22, 2020. This matter is before the Court on Plaintiffs' Motion To Amend The Memorandum And Order And Judgment And For Entry Of A Permanent Injunction (Doc. #65) filed January 24, 2020. For reasons stated below, the Court sustains the motion.

## Legal Standards

A motion to alter or amend judgment under Rule 59(e), Fed. R. Civ. P., is essentially a motion for reconsideration. Schweitzer-Reschke v. Avnet, Inc., 881 F. Supp. 530, 532 (D. Kan. 1995). The Court has discretion whether to sustain or overrule a motion to reconsider. Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence or the need to correct clear error or prevent manifest injustice. Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

To obtain a permanent injunction, plaintiffs must prove: "(1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." Fisher v. Okla. Health Care Auth., 335 F.3d 1175, 1180 (10th Cir. 2003). This standard is similar to the standard for obtaining a preliminary injunction—the only measurable difference between the two is that a permanent injunction requires showing actual success on the merits, whereas a preliminary injunction requires showing a substantial likelihood of success on the merits. See Prairie Band Potawatomi Nation v. Wagnon, 476 F.3d 818, 822 (10th Cir. 2007).

## Analysis

Plaintiffs assert that the Court should amend its Memorandum And Order (Doc. #63) to include a permanent injunction against enforcement of K.S.A. § 47-1827(b), K.S.A. § 47-1827(c) and K.S.A. § 47-1827(d), which was part of the relief that plaintiffs had requested in their motion

for summary judgment. Plaintiffs assert that they meet the requirements for a permanent injunction: (1) they have achieved actual success on the merits, (2) violation of First Amendment rights is irreparable harm, (3) the threatened injury outweighs the harm that an injunction may cause defendants and (4) the injunction, if issued, will not adversely affect the public interest.[1] <u>Plaintiffs' Motion To Amend The Memorandum And Order And Judgment And For Entry Of A Permanent Injunction</u> (Doc. #65) at 2.

Defendants oppose plaintiffs' motion. They assert that plaintiffs' request for an injunction is really a request that the Court find that K.S.A. § 47-1827(b), K.S.A. § 47-1827(c) and K.S.A. § 47-1827(d) are facially unconstitutional, instead of merely unconstitutional as applied to plaintiffs. They assert that the Court did not find a realistic danger that those provisions "will significantly compromise recognized First Amendment protections of parties not before the Court when judged against the statutes' plainly legitimate sweep" and that "there are many instances where the trespass criminalized under the statutes has nothing to do with a lie to gain access or picture/videos once access is gained." <u>Defendants' Response To Plaintiffs' Motion To Amend The Memorandum And Order And Judgment And For Entry Of A Permanent Injunction</u> (Doc.

---

[1] Along with their motion, plaintiffs emailed a proposed order to chambers which states as follows:

> (1) The Court DECLARES that K.S.A. § 47-1827(b), K.S.A. § 47-1827(c), and K.S.A. § 47-1827(d) are facially unconstitutional and violate the First Amendment to the United States Constitution.
>
> (2) The defendants and their officers, agents, employees, attorneys, and all other persons who are in active concert or participation with them are hereby PERMANENTLY ENJOINED and prohibited from enforcing, through any action or omission or otherwise, K.S.A. § 47-1827(b), K.S.A. § 47-1827(c), and K.S.A. § 47-1827(d).

#67) filed February 2, 2020 at 5. In addition, defendants assert that injunctive relief is not necessary because they do not intend to violate the Court's order, and that injunctive relief could potentially conflict with principles of comity and federalism. They further note that Kansas has never prosecuted anyone or threatened anyone with prosecution under those provisions.

In reply, in relevant part, plaintiffs assert that without injunctive relief, the Court's order cannot be meaningfully enforced, that injunctive relief would obviate the need for other potential plaintiffs to litigate their rights and that it would not prejudice defendants. Plaintiffs assert that "[t]he specter of Defendants' enforcement of the unconstitutional provisions can only be fully eliminated with a permanent injunction, and the Court's ruling—that Sections (b), (c), and (d) operate to chill Plaintiffs' speech and are unconstitutional on their face—are precisely the circumstances that justify Plaintiffs' request for injunctive relief." Plaintiffs' Reply In Support Of Motion To Amend The Memorandum And Order And Judgment And For Entry Of A Permanent Injunction (Doc. #68) filed February 20, 2020 at 2.

Plaintiffs have satisfied the requirements for injunctive relief. First, they have achieved actual success on the merits because the Court has determined that K.S.A. § 47-1827(b), (c) and (d) are unconstitutional. Second, they have demonstrated irreparable harm on account of the chilling effect of the unconstitutional provisions on their First Amendment rights. See Elam Const., Inc. v. Reg'l Transp. Dist., 129 F.3d 1343, 1347 (10th Cir. 1997) (chilling effect on First Amendment rights is irreparable harm); Kansans For Life, Inc. v. Gaede, 38 F. Supp. 2d 928, 938 (D. Kan. 1999) (same). Third, the threatened injury to First Amendment rights outweighs the harm that a permanent injunction may cause defendants. Finally, the public interest favors assertion of First Amendment rights. Kansans For Life, 38 F. Supp. 2d at 938.

Although defendants assert that they will abide by the Court's decision, as the law requires,

their assertion gives plaintiffs little assurance that future defendants will not enforce the unconstitutional provisions against others who assert their First Amendment rights. Indeed, defendants' response to plaintiffs' motion indicates that defendants believe that they can enforce K.S.A. § 47-1827(b), (c) and (d) against other potential plaintiffs. Defendants assert that the Court did not hold that these provisions violate the First Amendment on their face but only as applied to plaintiffs, and that the unconstitutional provisions still have many legitimate applications. Their response brief spends considerable time arguing that plaintiffs are not entitled to a finding that K.S.A. § 47-1827(b), (c) and (d) are facially unconstitutional, as opposed to unconstitutional only as applied to plaintiffs. In response, plaintiffs assert that defendants improperly seek to relitigate issues which the Court has already decided.

The Court agrees with plaintiffs that a response to a motion to amend the judgment is not a proper forum for defendants to raise this argument. See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994) (motion to reconsider not second opportunity for losing party to make strongest case, rehash arguments or dress up arguments that previously failed). Furthermore, defendants apparently misunderstand what the Court held in its Memorandum And Order (Doc. #63). The Court held that K.S.A. § 47-1827(b), (c) and (d) are content-based and viewpoint-discriminatory restrictions on speech that violate the First Amendment and did not limit this holding to these particular plaintiffs.[2]

---

[2] In relevant part, the Court held as follows:

> [E]ven assuming that protection of privacy and property rights of animal facility owners is a compelling interest, K.S.A. § 47-1827(b), (c) and (d) would not survive strict scrutiny because they are not narrowly drawn to achieve that end. K.S.A. § 47-1827(b), (c) and (d) do not prevent everyone from violating the property and privacy rights of animal facility owners – only those who violate said rights with intent to damage the enterprise conducted at animal facilities. As a result, K.S.A.
>
> (continued…)

## Conclusion

Defendants' arguments confirm that without a permanent injunction, K.S.A. § 47-1827(b), (c) and (d) continue to chill exercise of First Amendment rights, and that nothing prevents defendants from attempting to enforce the unconstitutional provisions. To ensure compliance with the Court's determination that K.S.A. § 47-1827(b), (c) and (d) violate the First Amendment, the Court permanently enjoins enforcement of those provisions.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion To Amend The Memorandum And Order And Judgment And For Entry Of A Permanent Injunction (Doc. #65) filed January 24, 2020 is **SUSTAINED**. The Court hereby permanently enjoins enforcement of K.S.A. § 47-1827(b), (c) and (d).

Dated this 3rd day of April, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

²(…continued)

§ 47-1827(b), (c) and (d) are "hopelessly underinclusive." Defendants have not met their burden to prove that the content-based restrictions on free speech in K.S.A. § 47-1827(b), (c) and (d) serve a compelling interest and are narrowly tailored to further that interest. Accordingly, K.S.A. § 47-1827(b), (c) and (d) fail strict scrutiny and the Court must declare them unconstitutional.

Memorandum And Order (Doc. #63) at 37-38 (citations omitted).

In addition, the Court notes that in the pretrial order, plaintiffs asserted that "[t]he Kansas statute violates the First Amendment right to freedom of speech, both on its face and as applied to plaintiffs." Pretrial Order (Doc. #49) filed July 31, 2019 at 15. Plaintiffs requested "a declaratory judgment that the specified provisions [the Act] are unconstitutional on their face and a permanent injunction barring the defendants . . . from enforcing those provisions." Id. at 17.